IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| **BE Labs, Inc.,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**Ubiquiti Networks, Inc.,**<br><br>　　Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BE Labs, Inc. ("BE Labs"), through its attorneys, complains of Ubiquiti Networks, Inc. ("Ubiquiti"), and alleges the following:

**PARTIES**

1.　　Plaintiff BE Labs, Inc. is a corporation organized and existing under the laws of New York that maintains its principal place of business at 1285 Greenbriar Lane, North Belmore, NY 11710.

2.　　Defendant Ubiquiti Networks, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 685 Third Avenue, 27th Floor, New York, New York 10017.

**JURISDICTION**

3.　　This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.　　This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, BE Labs has suffered harm in this district.

## PATENTS-IN-SUIT

7. BE Labs is the assignee of all right, title and interest in United States Patent Nos. 7,827,581 (the "'581 Patent"); 9,344,183 (the "'183 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, BE Labs possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '581 Patent

8. The '581 Patent is entitled "Wireless multimedia system," and issued 11/2/2010. The application leading to the '581 Patent was filed on 2/28/2001, which ultimately claims priority from provisional application number 60/185,862, filed on 2/29/2000. A true and correct copy of the '581 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '581 Patent is valid and enforceable.

### The '183 Patent

10. The '183 Patent is entitled "Wireless multimedia system," and issued 5/17/2016. The application leading to the '183 Patent was filed on 10/1/2010, which ultimately claims

priority from provisional application number 60/185,862, filed on 2/29/2000. A true and correct copy of the '183 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '183 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '581 PATENT

12. BE Labs incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '581 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Ubiquiti's UniFi WiFi BaseStation XG (the "Exemplary Ubiquiti Products") that infringe at least exemplary claims 1, 6, and 28 of the '581 Patent (the "Exemplary '581 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '581 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

15. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '581 Patent. On information and belief, Defendant has also continued to sell the Exemplary Ubiquiti Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '581 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '581 Patent.

16. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '581 Patent, literally or by the doctrine of

equivalence, by selling Exemplary Ubiquiti Products to their customers for use in end-user products in a manner that infringes one or more claims of the '581 Patent.

17. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '581 Patent, literally or by the doctrine of equivalence, by selling Exemplary Ubiquiti Products to their customers for use in end-user products in a manner that infringes one or more claims of the '581 Patent.

18. Exhibit 3 includes charts comparing the Exemplary '581 Patent Claims to the Exemplary Ubiquiti Products. As set forth in these charts, the Exemplary Ubiquiti Products practice the technology claimed by the '581 Patent. Accordingly, the Exemplary Ubiquiti Products incorporated in these charts satisfy all elements of the Exemplary '581 Patent Claims.

19. BE Labs therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

20. BE Labs is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '183 PATENT

21. BE Labs incorporates the above paragraphs herein by reference.

22. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '183 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Ubiquiti Products that infringe at least exemplary claims 1 of the '183 Patent (the "Exemplary '183 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the

claims of the '183 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

23. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

24. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '183 Patent. On information and belief, Defendant has also continued to sell the Exemplary Ubiquiti Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '183 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '183 Patent.

25. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '183 Patent, literally or by the doctrine of equivalence, by selling Exemplary Ubiquiti Products to their customers for use in end-user products in a manner that infringes one or more claims of the '183 Patent.

26. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '183 Patent, literally or by the doctrine of equivalence, by selling Exemplary Ubiquiti Products to their customers for use in end-user products in a manner that infringes one or more claims of the '183 Patent.

27. Exhibit 4 includes charts comparing the Exemplary '183 Patent Claims to the Exemplary Ubiquiti Products. As set forth in these charts, the Exemplary Ubiquiti Products

practice the technology claimed by the '183 Patent. Accordingly, the Exemplary Ubiquiti Products incorporated in these charts satisfy all elements of the Exemplary '183 Patent Claims.

28. BE Labs therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

29. BE Labs is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

30. Under Rule 38(b) of the Federal Rules of Civil Procedure, BE Labs respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, BE Labs respectfully requests the following relief:

A. A judgment that the '581 Patent is valid and enforceable;

B. A judgment that the '183 Patent is valid and enforceable;

C. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '581 Patent;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '183 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards BE Labs all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and,

if necessary, to adequately compensate BE Labs for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that BE Labs be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that BE Labs be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that BE Labs be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 6, 2019            Respectfully submitted,

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**BE Labs, Inc.**